KANSAS CITY SOUTHERN RY. CO. v. MAYNOR et al.

(Circuit Court of Appeals, Fifth Circuit.   December 8, 1913.)

No. 2,528.

LIMITATION OF ACTIONS (§ 2*)—WHAT LAW GOVERNS—ACTIONS FOR TORT.

Rev. Civ. Code La. art. 3536, providing that actions for offenses or quasi offenses shall be prescribed by one year, affects the remedy primarily; and while it may extinguish the right of action in Louisiana at the expiration of one year, it is not applicable in the courts of another state,

to which the injured party has lawfully removed while the right of action in Louisiana subsisted.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 4–8; Dec. Dig. § 2.*]

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action at law by G. C. Maynor and another against the Kansas City Southern Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. L. Estes and John J. King, both of Texarkana, Tex., for plaintiff in error.

Cone Johnson and Jas. M. Edwards, both of Tyler, Tex., and J. H. Beavers, of Winnsboro, Tex., for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and CALL, District Judge.

PER CURIAM. Under the undisputed facts in this case, Mrs. Maynor, at the time she received her injuries, was more than a mere licensee on board the train of the railway company. She was a quasi employé of the railway company by consent and in its interest, and was entitled to protection from injury through negligence of the railway company.

The statute of Louisiana, providing that actions for offenses and quasi offenses shall be prescribed by one year (R. C. C. La. art. 3536), affects the remedy primarily; and while it may extinguish the right in Louisiana at the expiration of one year, it is not applicable in the courts of another state, to which the injured party has lawfully removed while the right of action in Louisiana subsisted. For authorities, see 25 Cyc. 1020, 1021.

Judgment affirmed.